**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BEVERLY L FLEWELLEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 5:15-cv-00078-CAR-CHW |
| | : | |
| **CAROLYN W COLVIN,** | : | Social Security Appeal |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

On March 10th, 2015, Plaintiff Beverly L Flewellen filed a document that the Court construed as a complaint against Carolyn Colvin, the acting commissioner of social security. Doc. 1. p. 1. Within this document, Plaintiff appeared to request an adjustment to her social security benefits. On April 6th, 2016, Plaintiff's complaint was dismissed for lack of jurisdiction, and all pending motions were denied as moot. Doc. 34; Doc. 37.

Now before the Court are two documents Plaintiff has filed which have been construed as a Motion for Reconsideration (Doc. 38) and a Motion to Reopen her case. Doc. 40. The document construed as a Motion for Reconsideration requests "that all documents submitted" be recognized and acknowledged and that her previous attorneys be "recognized not only by title but by name and title." Doc. 38, p. 2. The document construed as a motion to reopen her case seeks to have disability benefits "honored as adjudicated and disbursed to [Plaintiff]." Doc. 40, p. 5. Within this document, Plaintiff indicates that she has not received benefits because she either owed the federal government $40,000 dollars or the Social Security Administration mistakenly believes she was found incapacitated and appointed a guardian. Doc. 40, pp. 7, 10. Both Motions are due to be denied.

I.      Motion for Reconsideration

Because Plaintiff's Motion for Reconsideration was filed within 28 days of the entry of judgment, it is construed as a motion to alter or amend judgment under Rule 59 of the Federal Rules of Civil Procedure. "The only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (alterations in original). Motions for reconsideration under Rule 59 do not offer a litigant the opportunity to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, In.c v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

To the extent that Plaintiff seeks relief through her motion, she does not do so based on newly discovered evidence or a manifest error. Plaintiff's requests – that the Court recognize all documents submitted, recognize the names of her previous attorneys, and "pull up" a previous case for Plaintiff's verification – do not state permissible grounds for reconsideration. See generally *Smith v. Ocwen Financial*, 488 F. App'x. 426, 428 (11th Cir. 2012).

Because Plaintiff does not assert or show that judgment was based on a manifest error of law or that new evidence has been discovered, Plaintiff's Motion for Reconsideration is **DENIED**. Doc. 38.

II.     Motion to Reopen Case

This Court's "jurisdiction in this case is limited by the Social Security Act, and judicial review only exists over 'final decisions of the Secretary.'" *Sherrod v. Chater*, 74 F.3d 243, 244 (11th Cir. 1996). Therefore, district courts generally do not have jurisdiction over the "Secretary's refusal to reopen a claim since such a refusal is not a 'final decision'" as defined by

the Social Security Act. *Id.* (citations omitted). Two exceptions exist to this general rule. First, judicial review may be appropriate where the "claimant raises a colorable constitutional issue" (*Id.*) and when the case is "reconsidered to any extent at any administrative level." *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991).

Plaintiff's claim does not implicate the kind of final decision contemplated by the Social Security Act. See *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Plaintiff also does not provide evidence, assert, or argue that her claim has been reconsidered at the administrative level. From Plaintiff's Motion it is not entirely clear whether she seeks to be awarded increased benefits or seeks benefits that should have been awarded and were not. Either way, her claim does not raise a colorable constitutional issue. Therefore, Plaintiff does not provide any coherent reasons that would justify the reopening of her case. Furthermore, as the Magistrate Judge's Report and Recommendation explained, Plaintiff has not exhausted her administrative remedies. Accordingly, Plaintiff Motion to Reopen (Doc. 40) is **DENIED**.

**SO ORDERED**, this the 10th day of November, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT